95 F.3d 1165
 40 U.S.P.Q.2d 1700
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
GASSER CHAIR COMPANY, INC. and George Gasser, Plaintiffs-Appellees,
v.
INFANTI CHAIR MANUFACTURING CORP. and Vittorio Infanti,
Defendants-Appellants.
 No. 96-1448.
 United States Court of Appeals, Federal Circuit.
 Aug. 1, 1996.
 
 Before RICH, MAYER, and MICHEL, Circuit Judges.
 ON MOTION
 ORDER
 MAYER, Circuit Judge.
 Infanti Chair Manufacturing Corp. and Vittorio Infanti (Infanti) move for a stay, pending appeal, of (1) the injunction issued by the United States District Court for the Eastern District of New York prohibiting Infanti from making, using and selling certain chairs and seating and (2) execution of the $15 million judgment. Gasser Chair Company, Inc. and George Gasser (Gasser) oppose. We consider, sua sponte, whether the judgment should be summarily vacated and the case remanded.
 
 
 1
 Gasser sued Infanti for patent infringement and violation of Gasser's trade dress rights in the overall appearance of chairs. Gasser alleged that Infanti's chairs infringed claims of its patent relating to a bumper edge member with certain characteristics. The district court held that the patent was not invalid and found that Infanti's chairs infringed claims 1-4 of the patent. The district court also found that the infringement was willful and that Vittorio Infanti induced the infringement. The judgment held Infanti liable for $15 million for patent infringement, based on Gasser's lost profits. Further, violation of trade dress rights was found. Based on the trade dress violations, the district court enjoined Infanti from making, using and selling certain types of chairs and seating. The district court's judgment included the following injunction:
 
 
 2
 Infanti Chair Manufacturing Corp., Vittorio Infanti, all officers, agents and employees, and all persons acting in concert or participation with any defendant, are enjoined from manufacturing, distributing, selling, promoting or using Infanti's stacking chairs, arm chairs, bar stools and casino seating which incorporate and use the same overall appearance as Gasser's stacking chairs, arm chairs, bar stools and casino seating and which have been found to infringe Gasser's trade dress in this proceeding.
 
 
 3
 Infanti argues that the injunction does not comply with Fed.R.Civ.P. 65(d). Gasser does not respond directly to that argument but argues that Infanti is aware what products are covered by the injunction and that, in any event, Infanti did not object, when it had the opportunity, to the language of the injunction in the district court and should not be permitted to make those arguments for the first time on appeal. Gasser also argues that there was sufficient evidence introduced at trial to establish which chairs are enjoined.
 
 
 4
 The injunction does not comply with Fed.R.Civ.P. 65(d). That rule provides that "[e]very order granting an injunction ... shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." It is clear that neither the judgment (which contains the injunction) nor the district court's memorandum and order sufficiently describes the products that are affected by the injunction. The injunction does not explain which products were found to have violated Gasser's trade dress rights. Equally as important, the district court does not state what the protected trade dress is. The district court's memorandum describes the protected trade dress merely as the "overall appearance" of Gasser's chairs.
 
 
 5
 In the interest of judicial efficiency and the conservation of the parties' resources, we determine that the best course in these circumstances is to vacate the district court's judgment and to remand for further proceedings.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The judgment of the United States District Court for the Eastern District of New York is vacated and the case is remanded for further proceedings consistent with this order.
 
 
 8
 (2) Infanti's motions are moot.
 
 
 9
 (3) Each side shall bear its own costs.